STATE OF NORTH DAKOTA EX REL. WM. LANGER, Attorney General, Respondent, v. O. E. LOFTHUS, as State Examiner, and H. O. Paulson, Appellants.

(177 N. W. 755.)

**Officers — public policy requires that offices be filled and duties thereof be discharged.**

In an action brought by the state, on relation of the attorney general, where the complaint alleged that one of the defendants had been appointed deputy bank examiner under § 5146, Comp. Laws 1913, and that his appointment had not been approved by the state banking board, but, on the contrary, had been affirmatively disapproved; and where the only relief sought was injunctive in character, the granting of which would result in the creation of a vacancy in the office of deputy state examiner, it is *held:*

1. Public offices exist for the public benefit, and the public policy of the state requires that they be filled and the duties thereof discharged.

**Officers — deputy bank examiner will not be enjoined from acting as such in the absence of necessity.**

2. In the absence of allegations showing the necessity of averting some threatened injury to the public or other interests directly affected, an injunction will not be granted to prevent one who is acting as deputy examiner, with the consent of the public examiner, from performing the duties incident to such deputyship.

**Officers — injunction to prevent officer from acting will not lie where superior claim not shown.**

3. Where no superior claim is made to the office of deputy examiner, and where no specific injury, either existing or threatened, is alleged, the complaint does not present a case appealing to the extraordinary legal or equitable powers of the court.

Opinion filed May 1, 1920.

Appeal from District Court, Burleigh County, *Nuessle,* J.

Reversed.

*Foster & Baker,* for appellants.

An injunction cannot be granted to prevent the exercise of a public or private office in a lawful manner by the person in possession. Comp. Laws 1913, § 7214; 22 R. C. L. 454, § 113; 691, § 17; 29 Cyc. 1416 B; 4 Pom. Eq. Jur. 4th ed. §§ 1756, 1757–1760.

As equity deals with property rights alone, an injunction will not

issue to restrain political acts of public officers. 4 Pom. Eq. Jur. 4th ed. § 1746; Georgia v. Stanton, 6 Wall. 50, 18 L. ed. 721; Tupper v. Dart, 104 Ga. 179, 30 S. E. 624; State v. Gibbs, 13 Fla. 55, 7 Am. Rep. 233; Hardesty v. Taft, 23 Md. 513, 87 Am. Dec. 584; Melody v. Goodrich, 35 Misc. 138, 70 N. Y. Supp. 568.

"An injunction will not issue to restrain de facto public officers from performing certain acts, on the ground that they are powerless because not legally qualified." 4 Pom. Eq. Jur. 4th ed. § 1761, citing Graeff v. Felix, 200 Pa. 137, 49 Atl. 758; Hardesty v. Taft, 23 Md. 513, 87 Am. Dec. 584; School Dist. v. Wolf, 78 Kan. 805, 20 L.R.A. (N.S.) 358, 98 Pac. 237; Hotchkiss v. Keck, 84 Neb. 545, 121 N. W. 579.; State v. Armstrong, 27 Okla. 810, 117 Pac. 332.

Title to office and the right to act as an officer cannot be questioned by the writ of prohibition. 22 R. C. L. 17, § 15; Swart v. Groughton, 35 Hun, 281; Mathot v. Triebel, 102 App. Div. 426, 92 N. Y. Supp. 512; Cozzens v. American Engineering Co. 55 Misc. 393, 106 N. Y. Supp. 548.

It is a hard and fast rule that quo warranto will not issue in disputes concerning offices at will. To justify the employment of quo warranto to try title to office, it is essential that the tenure of the office be certain. 23 Cyc. 1412A; 22 R. C. L. 656, § 1; Ames v. Kansas, 111 U. S. 449, 28 L. ed. 482, 4 Sup. Ct. Rep. 437; Darley v. Reg. 12 Clark & F. 520, 541, 8 Eng. Reprint, 1513, 1521, 1522; High Extr. Leg. Rem. 2d ed. 493, § 626.

Quo warranto lies for usurping any office, whether created by charter of the Crown alone, or by the Crown with the consent of Parliament, provided the office be of a public nature, and a substantive office, and not merely the function or employment of a deputy or servant held at the will or pleasure of others. Atty. Gen. ex rel. Adams v. McCaughey, 21 R. I. 344, 43 Atl. 348; State ex rel. Gruber v. Champlin, 2 Bail. (S. C.) 220; High, Extr. Leg. Rem. 2d ed. 554, § 695, citing Bradley v. Sylvester, 25 L. T. N. S. 459; 24 Harvard L. Rev. 314 citing Bradley v. Sylvester, 25 L. T. N. S. 459; Reg. v. Bayley [1898] 2 Ir. R. 335.

It is well settled that quo warranto will not lie when the causes of removal are prescribed by statute, if the statute also prescribed a special mode of removal which is adequate to the purpose. Wishek v. Becker, 10 N. D. 63, 79, 84 N. W. 594; Comp. Laws 1913, § 5146.

*William Langer,* Attorney General, and *Albert E. Sheets, Jr.,* Assistant Attorney General, for respondent.

To be duly appointed, deputy examiners must receive the approval of the state banking board, N. D. Comp. Laws 1913, § 5146, ¶ 6.

As to whether the deputy bank examiner is officer or employee. United States v. Morris, 2 Brock, 103; Bunn v. People, 45 Ill. 397; State v. Jennings, 63 Am. St. Rep. 723, 49 N. E. 404; State v. Brooms, 38 Atl. 841; State v. Stanley, 66 N. D. 59, 8 Am. Rep. 488.

The investiture of any state position which determines the character more than another, it is whether or not it carries with it, in the administration of its duties, the exercise of the prerogatives and sovereignty of the state. Mechem, Pub. Off. § 4; Miller v. Supervisors, 25 Cal. 98; Com. v. Swasey, 133 Mass. 538; Bunn v. People, 45 Ill. 397; United States v. Mouat, 124 U. S. 303; Walker v. Cincinnati, 24 Am. St. Rep. 14, 8 Am. Rep. 24; McArthur v. Nelson, 81 Ky. 67.

A person appointed to office under statutory provision that appointment be made with approval of some board must be approved as required before a person is legally entitled to the office. Thropp, Pub. Off. § 103; People v. Bissell, 49 Cal. 407; State v. Williams, 222 Mo. 268; see extended note in 17 Ann. Cas. 1011; State v. Bryson, 44 Ohio St. 457, 8 N. E. 470; Com. v. Allen, 128 Mass. 308.

BIRDZELL, J. This is an appeal from an order overruling separate demurrers of the defendants to an amended complaint. The defendant Lofthus is state examiner of North Dakota, and on October 28, 1919, he appointed the defendant Paulson a deputy examiner. The latter immediately signed an oath of office as required by law, and commenced the performance of duties as a deputy examiner. On October 30, 1919, the matter of this appointment was taken up at a meeting of the state banking board, composed of the governor, the secretary of state, and the attorney general. From the minutes of this board meeting it appears that the attorney general moved that the appointment of Mr. Paulson be not approved, the motion being carried by the affirmative vote of the attorney general and the secretary of state, the governor voting, "No". The secretary of state stated a reason for his vote, which did not go to the qualifications or fitness of the defendant Paulson for the position,

but which was in the nature of a protest over the removal of his predecessor, Halldorson. The complaint sets up the foregoing, and, in addition, alleges that the banking board has persisted in its disapproval of the appointment; that Paulson, since October 28, 1919, has continuously exercised the duties and powers of a deputy state examiner to the extent of examining banks and other moneyed corporations; for which he is attempting to collect the salary attaching to the office of deputy state examiner, and the expenses incurred in the discharge of the duties incident thereto. It is not alleged that any such salary or expenses have been paid or are likely to be paid. Plaintiff further alleges that the question raised "is a matter affecting the interests of the people of the state, and the dignity, the integrity, and independence of the laws and Constitution of the state." The prayer for relief is for "a writ of prohibition and injunction," (1) prohibiting and restraining the defendant Lofthus from continuing to permit the defendant Paulson to act as a deputy bank examiner; (2) prohibiting and enjoining Paulson from continuing to exercise any of the powers or perform any of the duties incident to the office of deputy state examiner; and. (3) for general relief.

In the district court an alternative writ of injunction issued substantially in accordance with the prayer for relief above referred to, and, upon the adjourned return day of the order to show cause, the matter was heard upon separate demurrers to the complaint, whereupon the application for the injunctional order was vacated, but the demurrers to the complaint were overruled. The appeal is only from that portion of the order overruling the demurrers.

The sole question is as to the sufficiency of the complaint to warrant the granting of any relief.

The appointment in question was made under ¶ 6 of § 5146, Comp. Laws 1913. The statute reads in part as follows: "The state examiner may, subject to the approval of the state banking board, appoint and at pleasure remove, not more than ten (10) deputy examiners and one stenographer and such other employees as may, in the judgment of the state banking board, be necessary for the proper discharge of the business of his department."

The deputy examiners are required to give bond in the sum of $10,000. It is asserted that deputy examiners, whose appointment is

provided for in the manner indicated, are not officers within § 7969, Comp. Laws 1913, which provides for a civil action as a substitute for the remedies formerly attainable by the writ of quo warranto and by proceedings in the nature of quo warranto. Section 7971 provides that the state may commence an action against the offending party when any person "shall usurp, intrude into, or unlawfully hold or exercise any public office."

The principal contention of the appellant is that a deputy examiner does not occupy an office capable of being judicially protected against intrusion under this statute. It is pointed out that the tenure. is at the will of the appointing power, and that no cause need be assigned for the removal of any such deputy. This being true, it would seem that no question concerning the right of an intruder could arise which could not be determined by the administrative or executive officers who are charged with the appointment; for it is apparent that they, acting harmoniously, can vest and devest the right to the position of deputy examiner at will, so long as they keep within the number limited by the statute.

The complaint discloses, however, that the members of the state banking board are not acting harmoniously in the instant case. Whether, from a failure of the board members to agree upon an appointment, or from the placing by them of conflicting constructions upon the statute providing for their duties, does not appear, if, indeed, it is material. Conceding that this situation might possibly give rise to a controversy properly determinable in a court of justice, we do not regard the facts stated in the complaint in this case as being sufficient for the purpose. Neither, in our view, is its sufficiency properly tested by the considerations advanced by the appellant, as noted above. We shall, therefore, not concern ourselves with a decision upon the contentions advanced; for, wholly apart from the question as to whether or not the state may maintain a civil action to oust an intruder from an appointive office, terminable at the will of the appointing power, we are satisfied that the complaint in the instant case does not state facts sufficient to warrant judicial interference.

This proceeding is apparently not brought for the purpose of testing the title of the defendant Paulson as against the claim of any other person. It would seem that the whole object of the proceeding is to obtain

a judicial determination of the fact that the defendant Paulson has no title to the office. If any of the relief prayed for be granted, it would merely result in creating a vacancy. Public offices are created for the benefit of the public, and these benefits can only be secured when the offices are occupied and the duties thereof discharged. The public policy in this respect is well expressed in § 111 of the Compiled Laws of 1913, where the duty is imposed upon the governor "to see that all offices are filled and the duties thereof performed, or, in default thereof, to apply such remedies as the law allows." And, "if the remedy is imperfect, acquaint the legislative assembly therewith at its next session."

If affirmatively appears in the complaint that the defendant Paulson is discharging the duties of deputy examiner, and there are no allegations from which it would appear that the interests of the state are jeopardized, or that any injury will result to anyone from the manner in which these duties are being performed. Neither does the plaintiff seek to compel the taking of any steps that might be necessary to effect a legal appointment to the office in question. We are of the opinion that the complaint does not state facts sufficient to invoke either the equitable or the extraordinary legal powers of the court.

For the foregoing reasons the order appealed from is reversed.

CHRISTIANSON, Ch. J., and ROBINSON and BRONSON, JJ., concur.

GRACE, J. I concur in the result.